This was an action of assault, battery, and imprisonment. Plea, that the plaintiff was the defendant's slave.
The plaintiff was a person of color, and the object of the action to recover freedom. It Lad been tried in the County Court of Rutherford, where there was a verdict for the defendant. An appeal to this court.
1st. The deposition does not appear to have been taken by a magistrate.
2d. There does not appear any ded. po. to authorize the taking of it.
3d. The deposition does not identify the bill of sale now sought to be read; it speaks of a copy where the original should have been annexed.
4th. There is no notice proved on the plaintiff of the time and place of taking the deposition.
5th. The deposition is brought here by the defendant himself from the County Court, unsealed and open.
6th. If it can be read, it is not relevant: it cannot affect the plaintiff, who is a third person. The intention of this deposition was to prove the execution of a bill of sale for the plaintiff.
As to the reading of depositions used in the court below it is not known that any practice has been adopted; it is certainly proper that some reasonable rule should be settled. Analogous principles exist in the ecclesiastical courts in England. Upon an appeal, agreeably to the civil law a re-examination takes place in the superior courts; it is also the case in the admiralty courts. The principle and method of proceeding on the appeal is believed to be the same with our law, except that in those courts testimony is by depositions, instead of being viva voce, as with us. In those courts *Page 394 
the practice is, that the depositions used in the inferior courts are certified by the clerk, sealed and sent up. 2 Br. Ad. and Civil Law, 242, 243; 480 ib. 497-501. The first objection is not sustainable, as the Court here will presume the deposition was taken under authority from the court of Rutherford,[1] who were competent to permit other persons than magistrates to take a deposition.[2] And the Court will permit this to prevail when the deposition was read in the court below, perhaps by consent. We do not know, however, that any exception was taken to the reading of it there. These principles will also decide the second objection against the plaintiff. The third objection is well founded; a reference to the bill of sale by giving a copy. It should have been annexed or enclosed, so as to convince the Court it is the same now attempted to be read. Reference to a copy is not the best evidence. The fourth objection falls within the same principle of the second and third, it appearing to the Court here, that the deposition was used in the court below; they will not permit an exception to be taken, unless it appear from the papers that an exception had been taken in the County Court, which was overruled. The fifth objection is certainly fatal. Depositions from the County Court ought, at least, to be sent to us sealed by the officer of that court. If persons interested should be permitted to take them open, they might be interpolated and altered. The sixth objection cannot prevail. At present it does not appear that the contents of the deposition is irrelevant; it may be conducive, but not conclusive, testimony.
The sale to the defendant was alleged to have taken place in Virginia. It was urged by the plaintiff's counsel, that, agreeably to the laws of Virginia, there could not be any sale of a slave unless by bill of sale registered. 1 Wash. 139; 2 T. Bl. 232. If the sale there would be void it will be equally so here.
[1] 2 Hen. Mun. 536.
[2] Tayl. 318.